UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 2:21-cv-955

IVY CLOUDS FITA,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), Florida Consumer Collection Practices Act, Fla. Stat. §559.55, *et seq.* ("FCCPA") and the United States Bankruptcy Code, 11 U.S.C. §362(a).

## JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants sent letters into this District.

## PARTIES

3. Plaintiff, Ivy Clouds Fita, ("Fita"), is a natural person, and citizen of the State of Florida, residing in Collier County, Florida.

4. Defendant, Midland Credit Management, Inc., ("MCM"), is a corporation organized under the laws of the State of California. Its principal place of business is principal office located at 350 Camino De La Reina, Suite 300, San Diego, CA 92108. Its registered agent

for service of process is Midland Funding LLC, 13008 Telecom Drive, Ste. 350 Tampa, FL 33637.

5. MCM regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts for others.

6. MCM is registered as a consumer collection agency.

7. MCM is a "debt collector" as defined in the FDCPA.

8. MCM is a creditor as defined by the FCCPA.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt for a consumer account ("Debt").

10. The Debt was for a personal, household, or family purpose.

11. Due to financial difficulties, Plaintiff retained the undersigned Joel D. Lucoff, ("Lucoff") and on March 19, 2021, the Plaintiff, filed for bankruptcy protection.

12. The Bankruptcy Code, 11 U.S.C. §362(a), imposes an automatic stay against any collection activity during the pendency of the bankruptcy proceeding.

13. On March 22, 2021, the United States Bankruptcy Court, Southern District of Florida imposed an automatic stay from any attempt to collect any alleged debts by any creditor listed in the Creditor's Matrix. 11 U.S.C. §362(a). Copies of the Creditors Matrix and Notice of Chapter 7 Bankruptcy Case are attached as Composite Exhibit "A."

14. On or about May 8, 2021, and June 16, 2021, Defendant sent two (2) letters demanding payment of the Debt, which was included in the aforementioned bankruptcy. Copies of the two (2) letters sent are attached as Composite Exhibit "B."

15. The automatic stay, 11 U.S.C. §362(a), prohibited Defendant from sending any communications to Plaintiff that were an attempt to collect the Debt.

16. No court had authorized Defendant's direct communication with Plaintiff.

17. At the time Defendant sent Plaintiff the two (2) letters, Defendant knew the automatic stay imposed by the Bankruptcy Code, the FDCPA and the FCCPA prohibited it from attempting to collect the Debt.

18. If Defendant continues contact Plaintiff to collect the Debt, she will be harmed in the future by the inability to avail herself of Bankruptcy Code protections.

19. Defendant was aware that Joel D. Lucoff represented and continues to represent the Plaintiff.

20. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

21. Defendant was aware that by sending communications directly to Plaintiff, it violated the FDCPA and FCCPA.

22. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

23. At no time did Defendant attempt to contact attorney Joel D. Lucoff.

24. Plaintiff did not consent to direct communication with Defendant.

25. Plaintiff did not initiate any communication with Defendant.

26. At the time Defendant sent Plaintiff the two (2) letters, Defendant knew the FDCPA and the FCCPA prohibited it from contacting the Plaintiff directly in an attempt the Debt.

27. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail herself of the representation of her counsel.

28. The actions of Defendants caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

## COUNT I
## ATTEMPTING TO COLLECT AN IMPROPER
## DEBT IN VIOLATION OF 15 U.S.C §1692f(1)

29. Plaintiff incorporates Paragraphs 1 through 18 and 28.

30. Defendant, MCM, attempted to collect a debt that had been included in her Bankruptcy case in violation of 15 U.S.C. §1692e(2)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, MCM, for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## ATTEMPTING TO COLLECT AN IMPROPER
## DEBT IN VIOLATION OF 15 U.S.C §1692e(5)

31. Plaintiff incorporates Paragraphs 1 through 18 and 28.

32. Defendant, MCM, attempted to collect a debt that had been included in her Bankruptcy case in violation of 15 U.S.C. §1692e(2)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, MCM, for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**COUNT III**
**ENFORCING A DEBT IN VIOLATION OF FLA. STAT. §559.72(9)**

33. Plaintiff incorporates Paragraphs 1 through 6 and 8 through 18 and 28.

34. Defendant, sought to collect a debt that had been Defendant, MCM, attempted to collect a debt that had been included in her bankruptcy petition in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, MCM, for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**COUNT IV**
**CONTACTING CONSUMER KNOWN TO BE REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)**

35. Plaintiff incorporates Paragraphs 1 through 6, 8 through 11, 13, 14, 16 and 19 through 28.

36. When Defendant communicated directly with the Plaintiff in an attempt to collect the Debt when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, MCM, for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**COUNT V**
**CONTACTING CONSUMER KNOWN TO BE REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18)**

37. Plaintiff incorporates Paragraphs 1 through 7, 9 through 11, 13, 14, 16 and 19 through 28.

38. When Defendant communicated directly with the Plaintiff in an attempt to collect the Debt when Defendant knew Plaintiff was represented by an attorney in violation of FLA. STAT. §559.72(18)

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, MCM, for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

    */s/Joel D. Lucoff*
    Joel D. Lucoff
    Fla. Bar No. 192163
    Debt Shield Law
    3440 Hollywood Blvd., Suite 415
    Hollywood, FL 33021
    Phone (754) 800-5299
    service@debtshieldlaw.com
    joel@debtshieldlaw.com